UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
MILO D. TYLER, STEVEN BURTON-WHITMORE,
MESSIAH JEFFERSON,

                            Plaintiffs,

        -against-

SUFFOLK COUNTY SHERIFF ERROL D. TOULON, [JR.],
*et al.*,

                         Defendants.
-----------------------------------------------------------------------------X

For Online Publication Only

**FILED
CLERK**

2:57 pm, Oct 06, 2021

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**ORDER**
21-CV-2417 (JMA)(AKT)

**AZRACK, United States District Judge:**

      Before the Court is the in forma pauperis complaint brought by incarcerated pro se plaintiffs Milo D. Tyler ("Tyler"), Steven Burton-Whitmore ("Burton-Whitmore"), and Messiah Jefferson ("Jefferson" and collectively, "Plaintiffs") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of their constitutional rights. (See Complaint, ECF No. 1.) Accompanying the complaint is an application to proceed in forma pauperis from each Plaintiff. (ECF Nos. 2, 4, and 6.)

      Upon review of the declarations accompanying Plaintiffs' applications to proceed in forma pauperis, the Court finds that Plaintiffs' financial status qualifies them to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants Plaintiffs' applications to proceed in forma pauperis. However, upon review, the claims alleged by Tyler and Burton-Whitmore are repetitive of claims already proceeding in the Eastern District of New York in cases assigned docket numbers 20-CV- 6186(JMA)(AKT) and 21-CV-0689(GRB)(JMW), respectively. According, under first filed rule, the Court dismisses the claims

brought by Tyler and Burton-Whitmore in this case without prejudice.[1]  See Horowitz v. 148 S. Emerson Assocs. LLC, 888 F.3d 13, 22 (2d Cir. 2018) (Under the first-filed rule "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.") (internal quotation marks and citation omitted).

The claims brought by Jefferson shall proceed.  Accordingly, the Court orders that the Clerk of the Court issue summonses to the named defendants, Sheriff Errol D. Toulon, Jr. and Warden Michael Franchi, and shall forward the summonses together with copies of the complaint and this order to the United States Marshal Service (USMS) for service upon these defendants forthwith.[2]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiffs at their last known address.

**SO ORDERED.**

Dated:   October 6, 2021
    Central Islip, New York

                     /s/ (JMA)  _____
                  JOAN M. AZRACK
                  United States District Judge

---

[1] Should these Plaintiffs seek to pursue additional, related claims in their respective actions, this dismissal is without prejudice to seeking to amend their complaints in those actions.

[2] Insofar as the complaint includes "John Doe" defendants, the identities of these individuals may be ascertained during the course of discovery.  Jefferson then may seek leave to amend his complaint to include any additional defendants at that time.