UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   For Online Publication Only
MESSIAH JEFFERSON,

                    Plaintiff,

                                                                  **ORDER**
            -against-                                      21-CV-2417 (JMA)(JMW)

SUFFOLK COUNTY SHERIFF ERROL D. TOULON, [JR.],
*et al.*,

                    Defendants.
------------------------------------------------------------------------X

**AZRACK, District Judge:**

      Before the Court is a letter filed *pro se* by Milo D. Tyler ("Tyler") (ECF No. 28) that the Court liberally construes as a motion for reconsideration of the Court's October 6, 2021 Order (ECF No. 16) that, among other things, dismissed Tyler's claims without prejudice. For the reasons that follow, Tyler's motion for reconsideration is denied.[1]

## BACKGROUND

      As is relevant to the instant application, on April 26, 2021, three inmates (Tyler, Steven Burton-Whitmore ("Burton-Whitmore"), and Messiah Jefferson ("Jefferson")) then-incarcerated at the Suffolk County Correctional Center[2] filed a civil rights complaint in this Court that was assigned Docket No. 21-CV-2417. Each individual also filed an application to proceed *in forma pauperis*. Upon review, by Order dated October 6, 2021, the Court granted the applications to proceed *in forma pauperis* and dismissed the claims filed by Tyler and Burton-Whitmore without prejudice, finding that their claims

---

[1] In addition, given that Tyler is no longer a party to this action, his letter motion to compel (ECF No. 11) is denied.

[2] Burton-Whitmore has been released from incarceration (*see* ECF No. 23) and Jefferson has been transferred to the Franklin Correctional Facility (*see* ECF No. 14). Tyler remains incarcerated at the Suffolk County Correctional Facility. *See* 20-CV-6189.

> are repetitive of claims already proceeding in the Eastern District of New York in cases assigned docket numbers 20-CV-6186(JMA)(AKT) and 21-CV-0689(GRB)(JMW), respectively. According, under first filed rule, the Court dismisses the claims brought by Tyler and Burton-Whitmore in this case without prejudice. *See Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 22 (2d Cir. 2018) (Under the first-filed rule "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.") (internal quotation marks and citation omitted).

*See* ECF No. 16 at 1-2. The Court also noted: "Should these plaintiffs seek to pursue additional, related claims in their respective actions, this dismissal is without prejudice to seeking to amend their complaints in those actions." *See id*. at n. 1.

Tyler sought reconsideration of the October 6, 2021 Order on October 28, 2021 by filing a brief letter wherein he asserts that his individual action, 20-CV-06186 "does not contain all of the Due Process violations mentioned within case #21-CV-02417" and argues that "his case will be stronger with the mentioned allegations happening to more people. . . ." (*See* ECF No. 28 at 1.)[3]

## DISCUSSION

Motions for reconsideration may be filed pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). The standard for granting a motion for reconsideration pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied." *Herschaft v. N.Y.C. Campaign Fin. Bd,* 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation marks and citation omitted). "A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before

---

[3] Notably absent is any indication of Jefferson's position on Tyler's application, given that Jefferson is the sole remaining plaintiff in this case.

the court." *Id.* (internal quotation marks and citation omitted). "Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." *Id*. at 284 (internal quotation marks and citation omitted).

Rule 60(b) of the Federal Rules of Civil Procedure also permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. FED. R. CIV. P. 60(b); *House v. Sec'y of Health & Human Servs.,* 688 F.2d 7, 9 (2d Cir. 1982). Specifically, Rule 60(b) provides that relief may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of New York,* 14 F.3d 756, 759 (2d Cir. 1994).

In addition, Local Civil Rule 6.3 provides that a party moving for reconsideration must be made "within fourteen (14) days after the entry of the judgment" and shall include a "memorandum setting forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." *See* Local Civil Rule 6.3 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York. The decision to grant or deny a motion for reconsideration, whether under Local Rule 6.3, Rule 59(e) or 60(a), rests

3

within "the sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted).

Here, as is readily apparent, Tyler's sparse letter does not satisfy the standard necessary for this Court to reconsider the Order. Insofar as Tyler requests "to continue his case along with Mr. Jefferson" because his case, 20-CV-06186, "does not contain all of the Due Process violations mentioned within case #21-CV-02417," he ignores the Court's express invitation to include any such claims in his individual action. *See* ECF No. at 2 n.1 ("Should these Plaintiffs seek to pursue additional, related claims in their respective actions, this dismissal is without prejudice to seeking to amend their complaints in those actions."). Moreover, Tyler may seek other incidents, such as those alleged by Jefferson, that relate to Tyler's claims during the course of discovery as evidence in support of his claims in his individual action. Thus, neither reason advanced by Tyler supports reconsideration of the October 6, 2021 Order.

Moreover, Tyler has not identified any "controlling decisions or data that the court overlooked - - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.,* 70 F.3d 255, 257 (2d Cir. 1995). Nor does Tyler provide any legal or factual basis for the Court to reconsider the Order. Accordingly, Tyler's motion for reconsideration (ECF No. 28) is denied. Given that Tyler is not a party to this action, his motion to compel (ECF No. 11) is also denied.

4

      The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      The Clerk of Court shall mail a copy of this Order to Tyler and Jefferson at their respective address of record.


**SO ORDERED.**                                                                                                                                                /s/ Joan M Azrack  
                                                                                                                                     Joan M. Azrack  
Dated:   January 6, 2022                                                        United States District Judge  
            Central Islip, New York