FILED
CLERK

December 22, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MESSIAH JEFFERSON,

          Plaintiff,

    -against-

SHERIFF ERROL D. TOULON, *et al.,*

          Defendants.
------------------------------------------------------------X

**SUA SPONTE
REPORT AND
<u>RECOMMENDATION</u>**
21-CV-02417 (JMA) (JMW)

**WICKS,** Magistrate Judge:

    Plaintiff Messiah Jefferson, proceeding *pro se*, commenced this action pursuant to 42 U.S.C § 1983 on April 26, 2021, against Defendants Sheriff Errol D. Toulon, Warden Franchi and "any captains," "Lieutenants," "Sergeants," "Security officers," and "officers . . . who signed off on any papers in regards [sic] to each Plaintiffs incidents [sic]." (DE 1). Originally brought by three Plaintiffs -- Jefferson, along with Steven Burton-Whitmore and Milo Tyler – however both Burton-Whitmore and Tyler's claims were dismissed by the Court (*see* DE 16 (dismissal order) and DE 29 (order denying reconsideration)). Jefferson is the remaining Plaintiff.

    In sum, Plaintiff alleges "false disciplinary charges" that occurred while he was incarcerated at Yaphank Correctional Facility on January 16, 2021 (DE 1 at 6). Plaintiff claims that he was injured as a result of an alleged assault that arose from a strip search based on false allegations of possession and use of marijuana. Plaintiff alleges that the disciplinary process was circumvented and claims due process violations under the 14th Amendment.

The undersigned respectfully recommends to the Hon. Joan M. Azrack that this matter now be dismiss for failure to prosecute for the reasons that follow.

## BACKGROUND

Soon after Plaintiff commenced this action, made an application to proceed *in forma pauperis*, which was granted by the Court on October 6, 2021. (DE 16.) On September 7, 2021, Plaintiff advised the Court that he was currently incarcerated at the Franklin Correctional Facility, 62 Bare Hill Road, P.O. Box 10, Malone, NY 12953. (DE 14.) On October 6, 2021, the Court dismissed the claims of Burton-Whitemore and Messiah Jefferson and allowed Jefferson's claims to proceed, and a copy of that order was mailed to Plaintiff at the Franklin Correctional Facility address. (DE 16.) Plaintiff then appeared for the Initial Conference on February 17, 2022, at which a Scheduling Order was adopted requiring Plaintiff to prepare a written narrative statement of the facts on or before March 18, 2022. (DE 30.)

Defendants moved the Court on June 13, 2022 to recommend dismissal to the District Judge for failure to prosecute because Plaintiff had failed to serve his narrative statement or respond to the Defendants' interrogatories and documents demands which were served on Plaintiff on February 25, 2022. (*See* DE 34.) The next day, the Court ordered that on or before July 29, 2022, "Plaintiff shall: (1) provide the Court, in writing, with a current mailing address; (2) serve his narrative statement and response to Defendants' interrogatories and document demands." (Electronic Order dated June 14, 2022.) The Court also scheduled a telephonic status conference for August 15, 2022. (*Id.*) A copy of this order was mailed to Plaintiff at his last known address at Franklin Correctional Facility as well as the Upstate Correctional Facility since the Department of Corrections website indicated he had been transferred there. (*See id.*).

On June 23, 2022, Plaintiff formally informed the Court that he was transferred to and was currently at Upstate Correctional Facility, at 209 Barehill Road P.O. Box 2000, Malone, NY 12953 but his address would change on or before July 18, 2022. (DE 35.) Plaintiff further advised that the Court could look up his current address on the Department of Corrections website, and that he had responded to Defendants' discovery requests. (DE 35.) Defendants advised the Court on June 28, 2022, that they had not received any responses (DE 36), and thus the Court ordered Plaintiff to provide a courtesy copy of his responses to Defendants on or before July 22, 2022. (*See* Electronic Order dated June 30, 2022.) A status conference was also set for August 15, 2022. (*Id*.) On July 1, 2022, Defendants filed proof of service of the Court's order on Plaintiff at the Upstate Correctional Facility address. (DE 37.)

Plaintiff subsequently appeared for the August 15, 2022 status conference and was directed to serve his discovery responses again on the attorney for the County and file proof of service with the Court. (Electronic Order dated Aug. 15, 2022.) A status conference was also scheduled for September 15, 2022. (*Id*.)[1] Defendants filed proof of service of the Court's order on Plaintiff at the Franklin Correctional Facility address. (DE 39.)

Plaintiff failed to file proof of service as directed and further failed to appear at the September 15, 2022 status conference. (Electronic Order dated Sept. 15, 2022.) Defendants advised the Court that Plaintiff had been released but had not provided updated contact information. (*Id*.) The Court ordered Plaintiff to provide a current mailing address and phone number and directed Counsel for Defendants to serve a copy of the Court's order on Plaintiff at

---

[1] On August 26, 2022, the Court issued an order notifying the parties that in light of the September 15, 2022 status conference, the December 27, 2022 conference was no longer in effect and copies of that order were mailed to Plaintiff at the Franklin Correctional Facility, and Upstate Correctional Facility addresses. (Electronic Order dated Aug. 26, 2022.)

3

his last known address and file proof of service on ECF. (*Id.*) A status conference was also set for October 17, 2022. (*Id.*)

At the October 17, 2022, status conference, Plaintiff once again failed to appear, but Defendants did not file proof of service and were unable to confirm whether the Court's September 15, 2022, order was served on Plaintiff at his last known address. (Electronic Order dated Oct. 17, 2022.) Defendants were directed to contact the correctional facility to request Plaintiff's last known address and were directed to service copies of the Court's order and the September 15, 2022 order upon Plaintiff at his last known address. (*Id.*) A status conference was also set for December 5, 2022. (*Id.*) Defense Counsel served Plaintiff with a copy of that order, and the September 15, 2022, order on Plaintiff at the Franklin Correctional Facility address. (DE 42.)

Defendants' October 24, 2022, status report advised the Court that they had contacted the correctional facility, which stated that Plaintiff did not provide a current address upon his release and instead told the facility he would be going into Department of Social Services housing. (DE 43.) Defendants further advised that the last known address the Suffolk County Sherriff's Office had for Plaintiff was 17 Carver Boulevard, Bellport, New York 11713 and that the September 15 and October 17, 2022, orders were mailed to that address. (*Id.*)

At the December 5, 2022, status conference, Plaintiff failed to appear for the third time in a row. (Electronic Order dated Dec. 5, 2022.) The Court noted that Plaintiff not only failed to appear again, Plaintiff also had not provided an updated mailing address and phone number on or before October 10, 2022, pursuant to the Court's September 15, 2022 order. (*Id.*) The Court then directed Plaintiff to provide, no later than December 20, 2022, to "the Court, in writing, with a current mailing address and phone number." (*Id.*) The Court warned that "PLAINTIFF IS AGAIN ON NOTICE that the failure to timely respond to this Electronic Order, or to appear at the next

4

status conference, will result in the undersigned recommending to THE Hon. Joan M. Azrack that the case should be DISMISSED without prejudice and without further notice for want of prosecution." (*Id.*) And set a status conference for December 21, 2022. (*Id.*) Defendants were directed to serve that order upon Plaintiff and file proof of service on ECF. (*Id.*) Curiously, Defendants filed a certificate of service certifying that the December 5, 2022, order was mailed to Plaintiff at "5890 Rt 25 Unit 6 Wading River,[.]" (DE 45.)

Finally, on December 21, 2022 Plaintiff again failed to appear before the undersigned for the fourth consecutive time. (Electronic Order dated Dec. 21, 2022.) And counsel for Defendant advised they had not been able to contact Plaintiff. (*Id.*) The Court then stated on the record that it would issue the instant Report and Recommendation, recommending to the Hon. Joan M. Azrack that the case should be dismissed without prejudice for want of prosecution.

## DISCUSSION

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the

5

judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Here, the factors weigh in favor of dismissal.

*First*, Plaintiff has taken no action to prosecute his case in four months, since appearing for the Conference held on August 15, 2022. "This period of inaction, over four months long, weighs strongly in favor of dismissal." *Pena v. Zazzle Inc.*, No. 21CV5819 (VEC) (RWL), 2022 WL 676009, at *3 (S.D.N.Y. Feb. 25, 2022) (collecting cases favoring dismissal after four months of inaction).

*Second*, upon the Plaintiff's first failure to appear, the Court put Plaintiff on notice that:

> The duty to inform the Court and defendants of any change of address is an obligation that rests with all pro se plaintiffs. *Alomar v. Recard*, Case No. 07-CV-5654 (CS)(PED), 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting *Handlin v. Garvey*, 91 Civ. 6777 (AGS), 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); *see also English v. Azcazubi*, Case No. 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a pro se litigant, changes addresses, it is that party's obligation to notify the Court of the new address.")

(Electronic Order dated Sept. 15 2022.) The Court also ordered Plaintiff to provide the Court with a current mailing address and phone number by October 10, 2022 (*see id.*) and Plaintiff not only failed to comply with that order, he also failed to appear for the subsequent status conference on October 17, 2022. (Electronic Order dated Oct. 17, 2022.)

On December 5, 2022, the Court forewarned Plaintiff that failure to provide his current mailing address and phone number by December 20, 2022 or to appear for the status conference set for December 21, 2022, would result in the undersigned recommending to the District Judge that the case should be DISMISSED without prejudice and without further notice. (Electronic Order dated Dec. 5, 2022.) On December 21, 2022, the Court held the scheduled conference and

6

again Plaintiff failed to appear.  (Electronic Order dated Dec. 21, 2022.)  Accordingly, this factor weighs in favor of dismissal.

*Third*, any further delay is likely to prejudice Defendants.  Plaintiff has failed, without explanation, to take any action in this case for a significant period of time.  "Courts may presume such prejudice when, as here, petitioner has caused an 'unreasonable delay.'" *Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19-cv-6154 (RPK) (LB), 2020 WL 7295661, at *3 (E.D.N.Y. Dec. 2, 2020).

*Fourth*, the scale balancing the Court's interest with Plaintiff's interest decidedly tips in favor of dismissal.  "This factor requires the Court to consider, in relation to each other, the Court's interest in managing its docket and the plaintiff's interest in receiving a fair chance to be heard." *Pena*, 2022 WL 676009, at *4.  The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn his attention" to this case.  *See id.*  Indeed, Plaintiff's failure to obey Court orders or make an attempt to prosecute this case effectively dismisses his right to have the Court hear his claim.  *See id.*

*Fifth*, any sanction less drastic than dismissal will be ineffective.  Plaintiff has had numerous months to be heard, chances to cure his inaction, and warnings of possible dismissal.  And still, he took no action.  This indicates that is unlikely that any sanction short of dismissal will be effective.  *See Thompson v. Rising Star Beauty Salon Inc.*, No. 15-cv-3716 (RRM) (RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective").  Further, given Plaintiff's *in forma pauperis* status, it is unlikely monetary sanctions would be any more effective.  *See Mannan v. Soc. Sec. Admin.*, No. 17-cv-06800, 2020 WL

7

2329282, at *2 (E.D.N.Y. May 11, 2020) ("Given Plaintiff's in forma pauperis status, monetary sanctions cannot be relied on because the plaintiff is indigent") (quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that that this action be dismissed for Plaintiff's failure to prosecute.

## OBJECTIONS

A copy of this Report and Recommendation shall be served on Plaintiff by Defendants by overnight mail and regular mail through USPS to his last-known address. Counsel for Defendants shall promptly file proof of service on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's

decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:  Central Islip, New York
         December 22, 2022

                                              **Respectfully recommended:**

                                              /s/ *James M. Wicks*
                                                  JAMES M. WICKS
                                             United States Magistrate Judge